OPINION OF THE COURT
Rockwell D. Colaneri, J.
This is a sad tale (or is it tail) of the noble, but late, toco toucan bird (hereinafter Bird), which the plaintiff, Debra Bazzini, purchased from the defendants doing business as Sexy Sadie’s Exotic Bird House. For Bird, a youthful creature of but four months, the plaintiff paid the not insubstantial sum of $1,200.
Upon the sale of Bird the defendants provided the plaintiff a receipt upon which was stamped in bold red print: “HEALTH GUARANTEE FOR 48 HOURS FROM 6/3 TO 6/5 EXCHANGE WILL BE MADE UPON PRESENTATION OF VETERINARIAN’S REPORT ONLY WITHIN SAID PERIOD. NOT RESPONSIBLE FOR *120 INJURY, ACCIDENT, LOSS OR TEMPERAMENT OF LIVESTOCK after purchase.” An oral modification of this disclaimer was granted to the extent that the plaintiff was permitted to have Bird examined within three days of the sale. That examination apparently found Bird free of any fatal malady.
Tragically, Bird’s future with Mrs. Bazzini proved to be quite limited. Within two weeks after his physical, Bird suffered a seizure. (There was no evidence of fowl play.) The plaintiff contacted the veterinarian who advised her to coax Bird back to health by having him sip Gatorade. Like a champion, Bird seemed to recover. But this recovery enjoyed only the reign of a lame duck politician. Seven days later Bird was dead.
Upon the instructions of the veterinarian, the corpse of the once proud animal was stored in the plaintiff’s freezer. Bird’s cold, dead body was then taken to the veterinarian for autopsy.
A letter from the veterinarian indicates that the cause of Bird’s demise could not be definitively established. However, the final paragraph of the letter states: “Using the facts available it would appear the Toucan had a metabolic problem due to congenital defect, access to toxins or both. This type of problem is of the bird itself, of a chronic nature, probably the entire, brief, life of the individual.”
In life Bird was a bird — an animal of feelings, of flesh and blood and feathers. It is one of the sad aspects of the law that the heat and passion of life so often translate to cold, unfeeling words upon a page. This is such an instance for in death, notwithstanding his memory, Bird is a chattel.
Bird’s experience is not novel in New York law. Tarulli v Birds in Paradise (99 Misc 2d 1054) is a case with some similarities. That bird was a Moluccan cockatoo. Despite a warning and disclaimer similar to the one provided by the defendants to the plaintiff here, the purchaser of the cockatoo did not have it examined. The bird died approximately one month later. In determining the question of liability the court applied the provisions of the Uniform Commercial Code.
*121 The court accepted the contention that birds constitute “goods” within the contemplation of the code and that the defendant was a merchant as defined in subdivision (1) of section 2-104 of the Uniform Commercial Code. Those findings are valid as applied in this case as well. And, as in that case the relevant provisions of the Uniform Commercial Code are sections 2-314 (providing for the implied warranty of merchantability) and 2-316 (subds [2], [3]) (providing for the exclusion or modification of the warranty).
Subdivision (2) of section 2-316 is not applicable since to exclude the warranty of merchantability pursuant to that section there must be mention of the word merchantability. This may seem a harsh rule to the defendants but as all entrepreneurs in the tropical bird business realize, it is a jungle out there.
Section 2-316 (subd [3], par [b]) of the Uniform Commercial Code was considered by the the court in Tarulli (supra). The section provides: “when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him”.
Taken literally, this Section does not apply to the current case. The examination of the goods, i.e., Bird’s checkup, was after the sale. Further, any examination would exclude coverage of the warranty only with respect to defects which an examination ought in the circumstances to have revealed. (Uniform Commercial Code, § 2-316, Comment 8.) Thus, by bringing Bird to a veterinarian for a physical examination, the plaintiff did everything that was practical to discover any of Bird’s imperfections. No defects leading to Bird’s ultimate doom were found at that time.
The proof in this small claims case is not overwhelming. Only the plaintiff and her husband testified. She also produced a notarized letter from the veterinarian and the receipt. No one testified on behalf of the defendants.
Bird was purchased on June 3, 1982. On June 27, 1982 he was dead. The issue is whether these facts establish the defendants’ breach of the warranty of merchantability.
*122 In small claims the court is not bound by the rules of evidence. (UDCA, § 1804.) Thus, the veterinarian’s letter may be considered. That letter suggests the probability that Bird suffered from a congenital defect. That is, to be blunt and not cagey, Bird was not fit for the ordinary purposes for which toco toucans are used. (See Uniform Commercial Code, § 2-314, subd [2], par [c].) (At least one purpose is to stay around as a live bird.)
 Further, under the circumstances the inference is permissible that Bird was not of merchantable quality at the time of sale since he ceased to function as a merchantable bird so soon thereafter. Perhaps it could be argued that this inference is unjustified. Two weeks may be a long time for fatal conditions to develop in toco toucans. But no one has offered evidence on this point. In light of the defendants’ failure to produce any testimony at all the court is justified in applying this unfavorable inference against them. (Richardson, Evidence [10th ed], § 92.) Thus, it is found as a matter of fact that Bird was unmerchantable when sold.
The plaintiff is entitled to judgment in the amount of $1,200. The cost of autopsy is not recoverable as incidental or consequential damages. (Uniform Commercial Code, § 2-715.)
To the defendants this result will seem harsh and undoubtedly ruffle their feathers. But in a case such as this, there is a winner and a loser. It takes a tender Judge to make a tough decision. Judgment for the plaintiff against the defendants in the sum of $1,200, no costs, no interest.